Filed 10/28/13  P. v. Lepke CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B244820 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA050629) |
| v. | |
| BRADLEY DEAN LEPPKE, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Bernie C. LaForteza, Judge.  Affirmed as modified.

William L. Heyman, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Victoria B. Wilson and Brendan Sullivan, Deputy Attorneys General, for Plaintiff and Respondent.

In this appeal from a September 14, 2012 order modifying a protective order, defendant Bradley Dean Leppke contends the trial court inadvertently entered the wrong expiration date of October 22, 2020. The Attorney General agrees the correct expiration date is October 22, 2013, and attributes the entry of the wrong expiration date to clerical error.

We reject defendant's claim of prosecutorial misconduct and direct the superior court to modify the September 14, 2012 order to reflect the correct expiration date of October 22, 2013.

## BACKGROUND

Because the parties agree the September 14, 2012 order must be modified to reflect the correct expiration date of October 22, 2013, our discussion of the relevant facts will be brief.

By plea agreement on November 15, 2010, defendant received a three-year prison sentence for one felony count of stalking his wife. (Pen. Code, § 646.9, subd. (b).)[1] He also agreed to be restrained under a criminal protective order with respect to his wife and children. (§ 646.9, subd. (k).)[2] The protective order, which was entered on October 22, 2010, had a three-year term that was to expire on October 22, 2013.

After being released from prison, defendant filed a pro. per. motion to terminate or modify the protective order. At the September 14, 2012 hearing on his motion, the prosecutor agreed to a modification that would: (1) remove the children's names and list only the wife's name; and (2) allow defendant to have contact with his wife "only for the safe exchange of the children." The prosecutor prepared and submitted a modified

---

[1] All further statutory references are to the Penal Code.

[2] The Attorney General correctly points out that the original protective order erroneously indicated that it was issued under sections 136.2 (witness intimidation) and 273.5 (willful infliction of corporal injury), when it was actually issued under section 646.9, subdivision (k) (stalking).

2

protective order that reflected these changes, but inadvertently listed the wrong termination date of October 22, 2020.[3]  The erroneous termination date was not discovered at the hearing, and the court signed and entered the modified order on September 14, 2012.  On October 29, 2012, defendant filed a timely appeal from the September 14, 2012 order.  (§ 1237, subd. (b).)

## DISCUSSION

In the respondent's brief, the Attorney General agrees the correct expiration date is October 22, 2013, and attributes the entry of the wrong expiration date to clerical error.  In the reply brief, defendant states he has no objection to the granting of relief on the basis of clerical error.

Based on our review of the record, we conclude the wrong termination date was inadvertently entered, solely as a result of clerical error, on the September 14, 2012 order.  The facts are undisputed that the correct termination date is October 22, 2013.

We find no factual basis to support defendant's remaining claim of prosecutorial misconduct.  Because the error was an unintentional clerical error, no further discussion of the prosecutorial misconduct claim is required.

---

[3]    Defendant's request to take judicial notice of the modified order bearing the wrong termination date is granted.

## DISPOSITION

The matter is remanded with directions to modify the September 14, 2012 order by striking the erroneous October 22, 2020 expiration date and replacing it with the correct expiration date of October 22, 2013.  As modified, the order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

SUZUKAWA, J.

We concur:


EPSTEIN, P. J.


WILLHITE, J.

4